An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

STEVEN CHUNG-MING WONG, M.D.,
Appellant,
vs.
SUNRISE MOUNTAINVIEW
HOSPITAL, INC. D/B/A
MOUNTAINVIEW HOSPITAL, A
WHOLLY OWNED SUBSIDIARY OF
HOSPITAL CORPORATION OF
AMERICA, INC.; THE BOARD OF
TRUSTEES OF SUNRISE
MOUNTAINVIEW HOSPITAL, INC.;
THE MEDICAL AND DENTAL STAFF
OF MOUNTAINVIEW HOSPITAL;
JOHN COLLIER, M.D., AN
INDIVIDUAL; WILL WAGNON, AN
INDIVIDUAL; SANDIP SINGH, M.D.,
AN INDIVIDUAL; DANKA MICHAELS,
M.D., AN INDIVIDUAL; JASON E.
GARBER, M.D., AN INDIVIDUAL;
PAUL HEEREN, M.D., AN
INDIVIDUAL; MICHAEL
ZIMMERMAN, M.D., AN INDIVIDUAL;
BILLY PARIS, AN INDIVIDUAL;
HERME LABSON, M.D., AN
INDIVIDUAL; AND JAMES SANCHEZ,
M.D., AN INDIVIDUAL,
Respondents.

No. 61375

FILED

JUL 2 9 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from two district court orders dismissing claims in a tort and contract action. Eighth Judicial District Court, Clark County; Douglas W. Herndon, Judge.

Because the parties are familiar with the facts, this court will provide only those necessary for its disposition. Appellant doctor was subject to a peer review hearing regarding a recommendation to revoke his medical staff membership and privileges at respondent MountainView Hospital. Appellant received notice, attended the hearing without counsel, and lodged no objections before or during the hearing. The hearing committee decided to revoke appellant's privileges, and the decision was upheld on an internal appeal. Appellant brought a district court action against, among others, MountainView and its medical staff (respondents).[1] Appellant sought tort and contract damages.

Respondents filed a motion to dismiss appellant's complaint for failure to state a claim and based on immunity under the Health Care Quality Improvement Act (HCQIA). In opposing respondents' motion to dismiss as to HCQIA immunity, appellant challenged only the requirement of adequate notice and hearing. The district court issued an order granting respondents' motion to dismiss all of appellant's claims except for breach of contract, breach of the implied covenant of good faith and fair dealing, and negligence as to MountainView. The court stated that it was inclined to dismiss the remaining claims based on HCQIA immunity, but reserved its ruling on the issue to allow appellant to

---

[1]Appellant also sought declaratory relief against the Secretary of the Department of Health and Human Services. As a result, the case was removed from state court to federal district court to address appellant's ultimately unsuccessful claims against the Secretary. The case was then remanded to state court.

conduct discovery regarding the adequate notice and hearing requirement.[2]

During discovery, appellant filed a motion to compel. The district court denied the motion, and, based on HCQIA immunity, granted respondents' motion to dismiss appellant's remaining claims against MountainView. Appellant challenges both district court orders granting respondents' motion to dismiss.

*HCQIA immunity*

This court reviews a district court order granting an NRCP 12(b)(5) motion to dismiss as a summary judgment when the district court considers evidence outside of the pleadings. *See Meyer v. Sunrise Hosp.,* 117 Nev. 313, 320-21, 22 P.3d 1142, 1148 (2001). Summary judgment under HCQIA requires this court's de novo review to begin "with a presumption that the peer review action met the standards set forth in HCQIA." *Id.* at 322, 22 P.3d at 1149 (citing 42 U.S.C. § 11112(a)). "[T]his court will affirm the grant of summary judgment unless a reasonable jury, viewing the facts in a light most favorable to [the plaintiff], could conclude by a preponderance of the evidence that the hospital's actions fell outside the protection afforded by section 11112(a)." *Id.*

For a peer review action to be immune, it must be made

(1) in furtherance of quality health care; (2) after a reasonable effort to obtain the facts in the matter; (3) after adequate notice and hearing; and (4) in the reasonable belief that the action was warranted based on the facts known.

---

[2]Appellant included information gained from this discovery in his supplemental opposition to respondents' motion to dismiss.

 

*Id.* (citing 42 U.S.C. § 11112). A health care entity that satisfies all of these conditions will "not be liable in damages under any law . . . with respect to the action."[3]  42 U.S.C. § 11111(a)(1).

Because appellant challenged only the adequate notice and hearing requirement in his opposition to respondents' motion to dismiss as to HCQIA, the other three requirements were waived. *See Citizens for Responsibility & Ethics in Washington v. Cheney*, 593 F. Supp. 2d 194, 229 (D.D.C. 2009) (stating that a "failure to respond to an argument in a [m]otion to [d]ismiss acts as a concession"). Moreover, by failing to object at the outset of or during his peer review hearing, appellant waived all adequate notice and hearing challenges.[4]  *See* 42 U.S.C. § 11112(b); *see, e.g., Moore v. Williamsburg Reg'l Hosp.*, 560 F.3d 166, 176 (4th Cir. 2009). Accordingly, the district court did not err by granting respondents' motion to dismiss because HCQIA immunity precluded all of appellant's claims.[5]

*Motion to compel*

This court will "not disturb a district court's ruling regarding discovery unless the court has clearly abused its discretion." *Club Vista Servs. v. Dist. Ct.*, 128 Nev. ___, ___, 276 P.3d 246, 249 (2012). The district court allowed appellant to engage in discovery only regarding the

---

[3]This immunity does not apply to claims related to a person's civil rights. 42 U.S.C. § 11111(a)(1)(D). Appellant made no such claim.

[4]We note that the district court found that appellant received proper notice under HCQIA.

[5]Although appellant's complaint contained requests for declaratory relief, this relief was sought only against the Secretary, who was not party to the action at the time of the district court's decisions.

SUPREME COURT
OF
NEVADA

(O) 1947A

4

requirement of adequate notice and hearing; however, nearly all of appellant's propounded discovery requests exceeded the scope of the permitted discovery by attempting to obtain information about 42 U.S.C. 11112(a)'s other requirements. Appellant's remaining contentions regarding his motion to compel fell within the district court's wide discretion. Thus, the district court did not abuse its discretion by denying appellant's motion to compel.[6] Accordingly, we affirm the district court's decision.

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc: Hon. Douglas W. Herndon, District Judge
Stephen E. Haberfeld, Settlement Judge
Hafter Law
Bailey Kennedy
Eighth District Court Clerk

---

[6]We have considered all of appellant's remaining claims and conclude that they lack merit.

SUPREME COURT
OF
NEVADA

(O) 1947A